UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/20/2023
```

BONHAC WORLD CORPORATION

                Plaintiff,

v.

MELLIN WORKS LLC, DBA EAZYHOLD

                Defendant.

21 CV 9239 (NSR)
OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

Plaintiff Bonhac World Corporation ("Plaintiff") brings this action against Defendant Mellin Works LLC, DBA Eazyhold ("Defendant"). Plaintiff asserts claims for: (1) unfair and deceptive trade practices under New York law; (2) monopolistic contracts under New York law; (3) common law unfair competition; and (4) tortious interference with contractual relations. (ECF No. 1, at 6-10.) Defendant moves to dismiss Plaintiff's Complaint ("Compl.") (ECF No. 1) under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 22.) For the following reasons, Defendant's motion to dismiss is GRANTED due to Plaintiff's failure to state a plausible claim that the Court has personal jurisdiction over Defendant.

## **BACKGROUND**

The following facts are derived from the Complaint and are accepted as true and construed in the light most favorable to Plaintiff for purposes of this motion.

Plaintiff is a New York corporation and, since 2017, has been a third-party seller on Amazon.com ("Amazon"). (Compl. ¶¶ 1, 12.) Defendant is a California limited liability company

with its principal place of business at 4212 East Los Angeles Avenue, Suite 3653, Simi Valley, California 93063. (*Id.* ¶ 11.)

Defendant contacted Plaintiff via e-mail in December 2020 informing Plaintiff that Plaintiff's grip support devices on Amazon infringed on Defendant's design and utility patents (U.S. Design Patent No. D848815 and U.S. Patent No. 9694485).[1] (*Id.* ¶¶ 13, 19.) Plaintiff responded via email to Defendant on September 2, 2021, apparently to dispute Defendant's claim.[2] (*Id.* ¶ 15.) Specifically, Plaintiff alleges in its Complaint that a side-by-side comparison of its products and one of Defendant's patents shows that there is little similarity between them. (*Id.* ¶ 18.)

Plaintiff's allegations seem to suggest that some sort of action by Defendant in response to Plaintiff's allegedly infringing conduct caused Amazon to remove Plaintiff's product listings; however, Plaintiff does not specify which product listings Amazon removed. (*Id.* ¶¶ 4, 18, 48.) Plaintiff, for instance, simply alleges that Defendant "misuse[d] the patents to intimidate the competition and notify Amazon to make a fraudulent claim under the Digital Millennium Copyright Act (DMCA)." (*Id.* ¶ 3.)

## LEGAL STANDARDS

### I.      Rule 12(b)(6) Motion to Dismiss

Under Rule 12(b)(6), the inquiry for motions to dismiss is whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "While legal conclusions can provide the framework of a complaint, they

---

[1] Defendant's email to Plaintiff did not include the identification numbers of the design and utility patents.
[2] Plaintiff's Complaint reads, "Plaintiff sent an email to EZ's CEO on September 2, 2021, demonstrating the ambiguities and commercial causes of action"; this statement, like many in the Complaint, is very unclear so the Court is unable to determine the specific contents of Plaintiff's response to Defendant. (*Compl.* ¶ 3.)

must be supported by factual allegations." *Id.* at 679. The Court must take all material factual allegations as true and draw reasonable inferences in the non-moving party's favor, but the Court is "'not bound to accept as true a legal conclusion couched as a factual allegation,'" to credit "mere conclusory statements," or to accept "[t]hreadbare recitals of the elements of a cause of action." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

In determining whether a complaint states a plausible claim for relief, a district court must consider the context and "draw on its judicial experience and common sense." *Id*. at 679.  A claim is facially plausible when the factual content pleaded allows a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

## II.    Materials Considered

In considering a Rule 12(b)(6) motion, the Court "may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint*." DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) (citing *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002); and *Hayden v. County of Nassau*, 180 F.3d 42, 54 (2d Cir. 1999)). A document is incorporated by reference where the complaint "make[s] a clear, definite and substantial reference" to it. *Thomas v. Westchester Cnty. Health Care Corp.*, 232 F.Supp.2d 273, 275–76 (S.D.N.Y. 2002) (collecting cases). "[E]ven if not attached or incorporated by reference, a document 'upon which [the complaint] solely relies and which is integral to the complaint' may be considered by the court in ruling on [a motion to dismiss]." *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007) (second alteration in original) (quoting *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991)). "A document is integral to the complaint 'where the complaint relies heavily upon its terms and effect.'" *Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016) (quoting *Chambers*, 282 F.3d at 153).

Additionally, the Court may take judicial notice of certain publicly available documents, including, for example, a plaintiff's arrest reports, indictments, and criminal disposition data. *Corley v. Vance*, 365 F.Supp.3d 407, 432 (S.D.N.Y. 2019) (collecting cases); *see Blue Tree Hotels Inv. (Can.), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.*, 369 F.3d 212, 217 (2d Cir. 2004) (noting that courts may "look to public records, including complaints filed in state court, in deciding a motion to dismiss") (citing *Taylor v. Vt. Dep't of Educ.*, 313 F.3d 768, 776 (2d Cir. 2002); and *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 75 (2d Cir. 1998)). When taking judicial notice of such documents, the Court does so "not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." *Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*, 146 F.3d 66, 70 (2d Cir. 1998) (quoting *Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc.*, 969 F.2d 1384, 1388 (2d Cir. 1991)).

## DISCUSSION

Defendant's primary argument in favor of dismissal is that the Court does not have personal jurisdiction over it in this action. Although Plaintiff claims that "the Court has personal jurisdiction over both Defendants as Defendants transact business in the State of New York and flagrant violations of law occurred in New York" (Compl. ¶ 8.), Defendant argues that its contacts with New York are insufficient for the Court to exercise personal jurisdiction over it. (ECF No 22, at 10.) For the reasons discussed *infra*, the Court concurs with Defendant that Plaintiff has not stated a plausible claim that the Court has personal jurisdiction over Defendant.

### I.   Legal Standards for General and Specific Personal Jurisdiction

The Court determines whether personal jurisdiction exists by first applying the long-arm statute of the forum state—here, New York—and then analyzing whether personal jurisdiction comports with the Due Process Clause of the United States Constitution. *Spin Master Ltd.*, 463

F.Supp. at 362 (citing *Penguin Grp. (USA) Inc. v. Am. Buddha*, 609 F.3d 30, 35 (2d Cir. 2010); *Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 163–64 (2d Cir. 2010); and *Licci v. Lebanese Canadian Bank*, 732 F.3d 161, 168 (2d Cir. 2013)). "Under the New York long-arm statute, a court in New York can exercise personal jurisdiction over a non-resident defendant based either on general jurisdiction, under CPLR § 301, or specific jurisdiction, under CPLR § 302." *Wallert v. Atlan*, 141 F.Supp.3d 258, 271 (S.D.N.Y. 2015).

### a.  General Jurisdiction: N.Y. C.P.L.R. § 301

Pursuant to N.Y. C.P.L.R. § 301 ("§ 301"), a defendant is subject to personal jurisdiction if she is domiciled in New York, served with process in New York, or continuously and systematically does business in New York. *See Landoil Res. Corp. v. Alexander & Alexander Servs., Inc.*, 77 N.Y.2d 28, 33, 563 N.Y.S.2d 739, 565 N.E.2d 488 (1990); *Pichardo v. Zayas*, 122 A.D.3d 699, 702, 996 N.Y.S.2d 176, 180 (2d Dept. 2014); *see also Wells Fargo Bank Minnesota, N.A. v. ComputerTraining.Com, Inc.*, No. 04-CV-0982, 2004 WL 1555110, at *2-3 (S.D.N.Y. July 9, 2004). General jurisdiction permits a court to adjudicate any cause of action against a defendant that meets these criteria, "wherever arising, and whoever the plaintiff." *Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 624 (2d Cir. 2016).

### b.  Specific Jurisdiction: N.Y. C.P.L.R. § 302(a)(1) (Business Activities)

N.Y.C.P.L.R. § 302(a)(1) ("§ 302(a)(1)") provides that personal jurisdiction exists over a non-domiciliary defendant that "transacts any business within the state or contracts anywhere to supply goods or services in the state." Plaintiffs must meet two requirements to establish personal jurisdiction under § 302(a)(1): "(1) The defendant must have transacted business within the state; and (2) the claim asserted must arise from that business activity." *Eades v. Kennedy PC Law Offices*, 799 F.3d 161, 168 (2d Cir. 2015). A defendant "transact[s] business" in the state if it has

engaged in "purposeful activity" by "purposefully avail[ing] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 246–47 (2d Cir. 2007) (quoting *McKee Elec. Co. v. Rauland-Borg Corp.*, 229 N.E.2d 604, 607 (N.Y. 1967)). Where a defendant is alleged to have "transacted business" through a website, courts apply a "sliding scale" test to determine whether operation of a website accessible in New York constitutes purposeful availment. *Spin Master Ltd. v. 158,* 463 F.Supp.3d 348, 362 (S.D.N.Y. 2020). The more "interactive" the website in soliciting information from potential buyers in New York, the more likely a court is to find purposeful availment. *See Chloe*, 616 F.3d at 170; *Alpha Int'l, Inc. v. T-Reproductions, Inc.*, No. 02 Civ. 9586, 2003 WL 21511957, at *3 (S.D.N.Y. July 1, 2003). It is insufficient to allege that a defendant conducts business through an interactive third-party website; the defendant must use the website to reach into the forum state in some meaningful way. *See Savage Universal Corp. v. Grazier Constr., Inc.*, No. 04 Civ. 1089, 2004 WL 1824102, at *8–9 (S.D.N.Y. Aug. 13, 2004). It is also insufficient to allege that a defendant merely offers a product outside New York for sale in New York if no sale takes place in New York or to a New York resident, even if the defendant operates a commercial website capable of reaching customers in New York. *Spin Master Ltd.*, 463 F. Supp. 3d at 364–65; *Alibaba Grp. Holding*, 2018 WL 2022626, at *4; *Savage Universal Corp.*, 2004 WL 1824102, at *9.

### c.   *Specific Jurisdiction: N.Y. C.P.L.R. § 302(a)(2) (Tortuous Conduct Within New York)*

N.Y.C.P.L.R. § 302(a)(2) ("§ 302(a)(2)") provides that personal jurisdiction may apply where a defendant commits tortuous conduct while physically present in New York. Prior to its amendment in 1966, the New York long-arm statute was consistently read to "cover[ ] only a tortious act committed (by a nondomiciliary) in this State." *Longines–Wittnauer Watch Co. v.*

6

*Barnes & Reinecke, Inc.*, 15 N.Y.2d 443, 464, 261 N.Y.S.2d 8, 209 N.E.2d 68 (1965). Since then, a small number of lower state courts have, on narrow grounds, expanded the rule to recognize that "not all tortious acts that occur within the State of New York need be committed while the defendant is physically present within New York boundaries for purposes of CPLR § 302(a)(2)." *Davidoff v. Davidoff*, 12 Misc.3d 1162(A), 819 N.Y.S.2d 209, at *8 (Sup.Ct.2006).

However, the Second Circuit continues to adhere to the traditional, stricter rule. *See Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 790 (2d Cir.1999) (reaffirming that a "defendant's physical presence in New York is a prerequisite to jurisdiction under § 302(a)(2)"). The endurance of the rule is further reflected by the majority of district court opinions on the subject. *See, e.g.*, *DirecTV Latin Am., LLC v. Park 610, LLC*, 691 F.Supp.2d 405, 418 (S.D.N.Y.2010) (quoting *Bank Brussels Lambert*, 171 F.3d at 789–9) ("New York courts and the Second Circuit have consistently interpreted § 302(a)(2) jurisdiction narrowly and have held that to qualify for jurisdiction under this subsection, a defendant's act or omission [must have] occur[red] within the State.") (collecting cases); *Northrop Grumman Overseas Serv. Corp. v. Banco Wiese Sudameries*, 03–cv–1681 (LAP), 2004 WL 2199547, at *12 (S.D.N.Y. Sept. 29, 2004) (citing *Bensusan Restaurant Corp. v. King*, 126 F.3d 25, 29 (2d Cir.1997)) ("The Second Circuit has interpreted § 302(a)(2) to require that the tortious act itself physically be performed within New York State.") (internal marks and quotations omitted); *Japan Press Serv., Inc. v. Japan Press Serv., Inc.*, 11–cv–5875 (SJF)(ETB), 2013 WL 80181, at *9 (E.D.N.Y. Jan. 2, 2013) ("Section 302(a)(2) confers personal jurisdiction over a non-domiciliary defendant only when they commit acts within the state."); *Roth v. El Al Israel Airlines, Ltd.*, 709 F.Supp. 487, 490 (S.D.N.Y.1989) ("Section 302(a)(2) requires that the tort be committed in New York and defendant must actually be in New York when the tort is committed").

Given Second Circuit precedent, the Court must apply the majority rule requiring the defendant to physically commit the tortious act within New York. *Thackurdeen v. Duke Univ.*, 130 F. Supp. 3d 792, 803–04 (S.D.N.Y. 2015), aff'd, 660 F. App'x 43 (2d Cir. 2016); *see also Bank Brussels Lambert*, 171 F.3d at 790; *accord Stein v. Annenberg Research Inst.*, 90–cv5224 (LLS), 1991 WL 143400, at *3 (S.D.N.Y. July 19, 1991) (citing *Fox v. Boucher*, 794 F.2d 34 (2d Cir.1986)) (observing that "[i]n contrast to the conflicting authority in the state courts, the federal cases construing § 302(a)(2) ... have uniformly held that jurisdiction under the section cannot be predicated on telephone calls made or letters mailed into this State").

Additionally, jurisdiction under Section 302(a)(2) may extend to out-of-state individuals who did not themselves commit a tort in New York, but "who can be deemed responsible for such a tort based upon theories of agency or conspiracy." *LaChapelle* v. *Torres*, 1 F.Supp.3d 163, 169 (S.D.N.Y. 2014); *see also Emerald Asset Advisors, LLC* v. *Schaffer*, 895 F.Supp.2d 418, 430 (E.D.N.Y. 2012) ("[P]ersonal jurisdiction under Section 302(a)(2) may also be predicated on acts taken by an agent."). "Whether a defendant's representative is an 'agent' for purposes of [Section] 302(a) hinges on whether the representative acted '[i] for the benefit of and [ii] with the knowledge and consent of [the] defendant and [iii] [the defendant] exercised some control over [the agent] in the matter.'" *LaChapelle*, 1 F.Supp.3d at 169 (quoting *Emerald Asset Advisors, LLC*, 895 F.Supp.2d at 430); *see also CutCo Indus., Inc.* v. *Naughton*, 806 F.2d 361, 366 (2d Cir. 1986) (explaining that an "agent" for purposes of C.P.L.R. Section 302(a) is a person who has "acted in the state 'for the benefit of, and with the knowledge and consent of' the non-resident principal" (citations omitted)). "While the principal need not exercise absolute control over the decisions or acts of the putative agent, ... a sufficient amount of control 'may involve the ability of the principal to influence such acts or decisions by virtue of the parties' respective roles.'" *Maersk,*

*Inc.* v. *Neewra, Inc.*, 554 F.Supp.2d 424, 442 (S.D.N.Y. 2008) (internal citation omitted) (quoting *Scholastic, Inc.* v. *Stouffer*, No. 99 Civ. 11480 (AGS), 2000 WL 1154252, at \*5 (S.D.N.Y. Aug. 14, 2000)).

> **d.  Specific Jurisdiction: N.Y. C.P.L.R. § 302(a)(3) (Tortuous Conduct Outside New York)**

N.Y. C.P.L.R. § 302(a)(3) ("§ 302(a)(3)") provides that personal jurisdiction exists over a non-domiciliary defendant that "commits a tortious act without the state causing injury to person or property within the state ... if [she] (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce." Plaintiff must allege that "(1) the defendant committed a tortious act outside New York; (2) the cause of action arose from that act; (3) the tortious act caused an injury to a person or property in New York; (4) the defendant expected or should reasonably have expected the act to have consequences in New York; and (5) the defendant derived substantial revenue from interstate or international commerce." *Spin Master Ltd.*, 463 F. Supp. 3d at 365 (quoting *Penguin Grp.*, 16 N.Y.3d at 302).

Plaintiff's injury is deemed to take "place where its business is lost or threatened." *Id.* (quoting *Penguin Grp.*, 16 N.Y.3d at 305). Thus, Plaintiff must plead lost sales or lost consumers in New York. *See Energy Brands Inc.* v. *Spiritual Brands, Inc.*, 571 F. Supp. 2d 458, 467 (S.D.N.Y. 2008) (quoting *Am. Network, Inc.* v. *Access Am./Connect Atlanta, Inc.*, 975 F. Supp. 494, 497 (S.D.N.Y. 1997)). Plaintiff must also plead that Defendants made sales to New York or otherwise targeted New York such that they "purposefully availed [themselves] of the benefits of the laws

of New York, to the extent that [t]he[y] would reasonably anticipate being hailed into a New York court." *Id.* at 468. However, foreseeability of harm is insufficient; it "must be coupled with evidence of a purposeful New York affiliation, for example, a discernible effort to directly or indirectly serve the New York market." *Id.* (citation omitted).

### II.    Analysis

As an initial matter, Plaintiff has not met its "burden to establish a *prima facia* case of personal jurisdiction against [Defendant] as to each claim asserted" on the pleadings alone. *Asserted Berdeaux v. OneCoin Ltd.*, 561 F.Supp.3d 379, 397 (S.D.N.Y. 2021) (describing, "Plaintiffs' burden to establish a prima facie case of personal jurisdiction against each Defendant as to each claim asserted"); *see also HSM Holdings, LLC v. Mantu I.M. Mobile Ltd.*, No. 20-CV-967, 2021 WL 918556, at *15 (S.D.N.Y. Mar. 10, 2021). Indeed, Plaintiff does not allege that personal jurisdiction exists with respect to any of its four claims; it only alleges that, "the Court has personal jurisdiction over both Defendants as Defendants transact business in the State of New York and flagrant violations of law occurred in New York." (Compl. ¶ 8.)  Setting aside the fact that Plaintiff has identified just one Defendant in this action, Plaintiff's claim for personal jurisdiction is sparsely pled and vague— it does not provide any factual allegations and support that Defendant transacts business in New York or specify what alleged violations of law occurred in New York. Moreover, as discussed *infra*, even if the Court incorporates Plaintiff's allegations throughout its Complaint into Plaintiff's sole allegation of personal jurisdiction, Plaintiff has not stated a plausible claim for personal jurisdiction.

> ### a.   *General Jurisdiction Pursuant to N.Y. C.P.L.R. § 301 and Specific Jurisdiction Pursuant to N.Y. C.P.L.R. § 302(a)(1)*

First, the Court does not have general personal jurisdiction over Defendant. Plaintiff has not alleged that Defendant is domiciled in New York, was served with process in New York, or continuously and systematically does business in New York. *See Wells Fargo Bank Minnesota, N.A. v. ComputerTraining.Com, Inc.*, No. 04-CV-0982, 2004 WL 1555110, at *2-3 (S.D.N.Y. 2004). Plaintiff's claim that Defendant "transact[s] business in New York" is entirely conclusory and its allegation that a third party—Lowes—sells Defendant's product in New York does not indicate that Defendant itself sells products in New York. (ECF No. 23, at 5.) Indeed, Plaintiff's Complaint fails to allege that Defendant itself has made a single sale in New York, entered a contract in New York, or engaged in any other commercial behavior in New York. Therefore, the Court must determine whether specific personal jurisdiction exists as to Defendant.

Specific personal jurisdiction may apply if the criteria of § 302(a)(1), § 302(a)(2), or § 302(a)(3) are met. For § 302(a)(1) to apply, Plaintiff must allege more than that a defendant offers a product outside New York for sale in New York, if no sale has taken place in New York (or to a New York resident), even if the defendant operates a commercial website capable of reaching customers in New York. *Spin Master Ltd.*, 463 F. Supp. 3d at 364–65; *Alibaba Grp. Holding*, 2018 WL 2022626, at *4; *Savage Universal Corp.*, 2004 WL 1824102, at *9. Yet, that is exactly what Plaintiff alleges here. Although, as noted *supra*, Plaintiff claims that Lowes offers Defendant's products for sale in New York and that Plaintiff's website can reach New York customers, there are no allegations that Defendant itself has made any sale in New York or to a New York resident. (ECF no. 23, at 5) Therefore, specific jurisdiction does not apply to Defendant under § 302(a)(1).

### b.  *Specific Jurisdiction Pursuant to N.Y. C.P.L.R. § 302(a)(2)*

§ 302(a)(2) permits courts to exercise "personal jurisdiction over any non-domiciliary ... who in person or through an agent ... commits a tortious act within the state...." Plaintiff does not

allege that Defendant committed the alleged tortuous conduct (i.e., purportedly using improper means to remove Plaintiff's unspecified product listings from Amazon) while physically present in New York or that this conduct occurred in New York. Indeed, from what the Court can gather from Plaintiff's vague allegations, the alleged conduct underlying Plaintiff's claims for unfair competition and tortious interference occurred online between Defendant and Amazon. Plaintiff only alleges, for instance, that Defendant "misuse[d] [its] patents to intimidate the competition and notify Amazon to make a fraudulent claim under the Digital Millennium Copyright Act (DMCA)." (Compl. ¶ 3.)

### c. *Specific Jurisdiction Pursuant to N.Y. C.P.L.R. § 302(a)(3)*

For the Court to exercise personal jurisdiction under § 302(a)(3) as to Defendant (who is non-domiciliary), Plaintiff must satisfy the following five criteria: (1) the defendant committed a tortious act outside New York; (2) the cause of action arose from that act; (3) the tortious act caused an injury to a person or property in New York; (4) the defendant expected or should reasonably have expected the act to have consequences in New York; and (5) the defendant derived substantial revenue from interstate or international commerce." *Spin Master Ltd.*, 463 F.Supp.3d at 365 (quoting *Penguin Grp.*, 16 N.Y.3d at 302). Regarding criterion (3), Plaintiff must plead lost sales or lost consumers in New York. *See Energy Brands Inc. v. Spiritual Brands, Inc.*, 571 F.Supp.2d 458, 467 (S.D.N.Y. 2008) (quoting *Am. Network, Inc. v. Access Am./Connect Atlanta, Inc.*, 975 F.Supp. 494, 497 (S.D.N.Y. 1997)). Additionally, regarding criterion (4), Plaintiff must plead that Defendants made sales to New York or otherwise targeted New York such that they "purposefully availed [themselves] of the benefits of the laws of New York, to the extent that [t]he[y] would reasonably anticipate being hailed into a New York court." *Id*. at 468. However, foreseeability of harm is insufficient; it "must be coupled with evidence of a purposeful New York

12

affiliation, for example, a discernible effort to directly or indirectly serve the New York market."
*Id*. (citation omitted).

As discussed *infra*, Plaintiff has not plausibly alleged that Defendant made sales to New York or otherwise targeted New York such that Defendant expected, or should reasonably have expected, the alleged tortuous act (i.e., purportedly using improper means to remove Plaintiff's unspecified product listings from Amazon) to have consequences in New York. Thus, the Court cannot exercise personal jurisdiction over any Defendant under § 302(a)(3).

## **CONCLUSION**

For the foregoing reasons, Defendant's motion to dismiss Plaintiff's Complaint is GRANTED. All claims against Defendant are dismissed. The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 22, and to terminate this action.

SO ORDERED:

Dated:   January 20, 2023
         White Plains, New York

_____
              NELSON S. ROMÁN
              United States District Judge